[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's Motion to Strike.
On July 9, 1993, the plaintiff, Gonzalo Cotto, filed a two count complaint against the defendant, Sikorsky Aircraft (Sikorsky). The complaint alleges that the plaintiff was an employee at Sikorsky and was wrongfully discharged for failing to display an American flag at his workstation. The first count alleges a violation of General Statutes § 31-51q. The second count alleges wrongful discharge.
On March 23, 1996, Sikorsky filed a motion to strike the complaint along with a supporting memorandum of law. On April 21, 1996, the plaintiff filed a memorandum of law in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; CT Page 4010-II internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15.
General Statutes § 31-51q provides in pertinent part: "Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge. . . ."
The plaintiff alleges that he was discharged for declining to display an American flag at his workstation and because he "gave his opinion on the property of [Sikorsky] coercing or exerting pressure on employees to display the American flag." The complaint alleges that the speech of the plaintiff employee occurred exclusively at his workplace on the private employer's property. Plaintiff's speech at his workplace is not protected by the first amendment of the United States Constitution or section 3, 4 or 14 of article first of the Connecticut constitution.Cologne v. West Farms Associates, supra, 192 Conn. 57; PruneyardShopping Center v. Robins, supra, 447 U.S. 74, 81; compare,Waters v. Churchill, 128 L.Ed.2d 686, 694. Under the allegations of this complaint, General Statutes § 31-51q does not provide a basis for the plaintiff to recover from Sikorsky. Sikorsky's motion to strike the first count of the plaintiff's complaint should be granted.
Sikorsky also moves to strike the second count of the plaintiff's complaint. Sikorsky argues that the complaint fails to allege that the plaintiff's discharge violated an important public policy.
The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." Coelho v. Posi-Seal International. Inc, 208 Conn. 106,118. The doctrine of wrongful discharge, a narrow exception to the general rule, holds that an employer may be liable for discharging an employee at will "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods. Inc., 179 Conn. 471, CT Page 4010-JJ 475. "Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co.,200 Conn. 676, 679. "[T]he right to recover in tort for wrongful discharge extends only to employees at will." D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206, 211
n. 1.
The second count of the plaintiff's complaint fails to allege that the plaintiff was an at will employee and that the plaintiff's dismissal occurred for a reason violating an important public policy. As a result, the court should grant Sikorsky's motion to strike the second count of the plaintiff's complaint.
Accordingly, defendant's Motion to Strike Counts one and two is granted.
CT Page 4010-JJ